## BANKER *v.* BOSTWICK and another.

*(Circuit Court, S. D. New York.* June 14, 1880.)

1. PATENTS NOS. 43,371 AND 42,351—IMPROVEMENT IN THE MANUFACTURE OF TIN CANS.—The improvement in the manufacture of tin cans for which letters patent No. 43,371, dated June 28, 1864, were issued to Banker & Carpenter, assignees of George W. Prince, was not described and shown in letters patent No. 42,351, dated April 19, 1864, issued to Edward Q. Covell, nor was such improvement known to or used by him.

In Equity.

*Geo. Harding* and *John R. Bennett,* for complainant.

*Causten Browne* and *Livingston Scott,* for defendants.

WHEELER, D. J. This suit is brought for relief against infringement of letters patent No. 43,371, dated June 28, 1864, issued to Banker & Carpenter, assignees of George W. Prince, for an improvement in the manufacture of tin cans, and now owned by the plaintiff. The defences relied upon are that this improvement was known to and used by Edward Q. Covell, and was described and shown in letters patent No. 42,351, dated April 19, 1864, and issued to him for an improvement in the manufacture of tin cans before the invention of Prince. The plaintiff insists that the invention and patent of Covell are for a different improvement from that of Prince; and that, if not, Prince invented it before Covell did. The cause has been heard upon these questions, on pleadings, proofs, and argument of counsel.

To understand these patents it is necessary to examine the drawings in connection with and as a part of the specification, and to rely upon them alone, to some extent, to ascertain the exact form and position of some of the parts. *Hogg* v. *Emerson,* 11 How. 587.

The improvements relate to the joints of flat-sided cans. Covell's invention was of a joint made by having one edge of a plate for a side of a can turned inwardly, with reference to the can, with a bend at about a right angle, and then outwardly with a circular bend, forming a shallow groove on the

outside of this flange, for receiving a flange turned inwardly, with a simple circular bend on the edge of the next plate, which hooked into the gutter of the other flange, making a smooth rib over the joint on the inside of the can, and an accessible gutter between the bends for soldering the joint on the outside.

Prince's was of a joint made by having the edge of a plate turned inwardly, and then reversed on itself, forming a double flange, with a narrow and deep groove between the sides, receiving a flange turned inwardly on the edge of the next piece, at the proper angle, and fitting into the groove so as to be clamped by its sides, forming a joint on the inside of the can, and an accessible gutter on the outside for the solder. The differences in the shape and depth of the grooves for receiving the flange of the next piece make an important difference in the hold they take of the flange, and in the solidity and strength of the joints, and in the joints as a whole. Prince's has strength from the strength of the metal without solder, and a convenient gutter for solder to make it tight and still stronger. Covell's had a convenient gutter for solder, but depended on the solder for its strength. The object of Covell appears to have been to provide a joint which could be easily soldered; that of Prince to make a joint of increased strength, as well; and both appear to have succeeded. The joints are different from each other, not merely in degree, but in kind. Prince's can had the same joint to unite the head and bottom to the sides, and Covell's a different one for that purpose from those uniting the sides, and the infringing can has different joints there; but this is not material, for the invention and infringement could consist in joints of a particular form for parts of cans, as well, *pro tanto*, as for the whole. *Goodyear Co.* v. *Preterre*, 15 Blatchf. 274. These conclusions are in accordance with those of the patent-office, which had both applications, and that of one Merrifield before it at the same time, and declared an interference between Prince and Merrifield, but not between either and Covell, and granted a patent to both Prince and Covell.

These considerations entitle the plaintiff to a decree sus-

taining his patent, and render the determination of the other questions, which is not without difficulty, although they have been presented with great thoroughness and care in argument, unnecessary. There is no question made about infringement, and there must be a decree for the plaintiff.

Let a decree be entered for an injunction and an account, according to the prayer of the bill, with costs.